IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Edward D. Singletary, | ) | |
| | ) | Civil Action No. 4:10-2432-MBS-TER |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| John R. Owens, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

On September 17, 2010, Edward D. Singletary ("Petitioner"), a federal prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner challenges his sentence on the ground that he was improperly designated a career offender under the federal sentencing guidelines. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A. On December 1, 2010, the Magistrate Judge issued a Report and Recommendation in which he found that Petitioner's claims are not cognizable under § 2241. ECF No. 10. Accordingly, the Magistrate Judge recommended that the petition be dismissed without prejudice and without issuance and service of process. On December 20, 2010, Petitioner filed objections to the Report and Recommendation. ECF No. 12.

---

[1] At the time he filed the petition, Petitioner was incarcerated in South Carolina. Accordingly, although Petitioner was subsequently transferred to Butner, North Carolina, this court may continue to exercise jurisdiction under 28 U.S.C. § 2241. *See Warren v. United States of America, Inc.*, 2011 WL 4435655 at *3-5 (D.S.C. Sep. 23, 2011).

1

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* This court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

## BACKGROUND

On June 22, 2001, Petitioner was sentenced to 300 months imprisonment in the Middle District of North Carolina after pleading guilty to possession of cocaine base with intent to distribute and possession of a firearm by a convicted felon. ECF No. 1 at 3; *United States v. Singletary*, 30 F. App'x 299 (4th Cir.). Petitioner filed a direct appeal to the Fourth Circuit, which was dismissed based on the absence of meritorious issues for appeal. *Singletary*, 30 F. App'x at 299-300. Petitioner next filed a § 2255 motion to vacate his sentence, which was denied by the sentencing court. *United States v. Singletary*, No. 1:00-CR-314-WO-1 (M.D.N.C. July 29, 2003) (ECF No. 52). Petitioner appealed this denial, and the Fourth Circuit dismissed the appeal as untimely. *United States v. Singletary*, 205 F. App'x 994 (4th Cir. Nov. 16, 2006). Petitioner filed a second § 2255 motion with the sentencing court, which was dismissed because it was not authorized by the Fourth Circuit. *United States v. Singletary*, No. 1:00-CR-314-WO-1 (M.D.N.C. July 17, 2009) (ECF No. 84). The Fourth Circuit subsequently denied Petitioner's motion for authorization to file a successive § 2255 motion. *In re Edward Devon Singletary*, No. 10-231 (4th Cir. Aug. 19, 2010) (ECF No. 4).

**DISCUSSION**

Under 28 U.S.C. § 2255, a federal prisoner may challenge his sentence as unlawful or unconstitutional by filing a motion before the court that imposed the sentence. 28 U.S.C. § 2255(a). However, a district court may not entertain any claim presented in a "second or successive motion" unless authorized by a panel of the court of appeals. 28 U.S.C. §§ 2244(b)(4) & 2255(h). The court of appeals may authorize such a motion only if it is based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

The general habeas corpus statute, 28 U.S.C. § 2241, also authorizes a federal court to grant habeas relief to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This statute is applicable to a federal prisoner and does not contain any bar to successive petitions. However, § 2255 states that an application for a writ of habeas corpus by a federal prisoner challenging his sentence "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate of ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

In *In re Jones*, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit held that a § 2255 motion is "inadequate and ineffective to test the legality of a conviction" when:

>    (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
>    (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and;
>
>    (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-34. For example, the petitioner in *Jones* was convicted of using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), based on constructive possession of firearms. *See id.* at 334. After the petitioner had filed a § 2255 motion challenging his sentence, the Supreme Court held in *Bailey v. United States*, 516 U.S. 137 (1995), that "use" of a firearm under § 924(c)(1) requires "active employment of a firearm." *Id.* at 330. Because the holding in *Bailey* did not constitute newly discovered evidence or a new retroactive rule of constitutional law, the petitioner was unable to file a successive § 2255 motion. *Id.* The Fourth Circuit held that, under these circumstances, § 2255 was inadequate to test the legality of the petitioner's detention. *Id.* at 334. Accordingly, the petitioner was allowed to file a habeas petition under § 2241. *Id.*

In this case, Petitioner challenges his sentence on the ground that he was erroneously designated as a "career offender" under the sentencing guidelines. Specifically, Petitioner argues that his two North Carolina convictions for possession with intent to sell or deliver cocaine are not "felonies" because under the North Carolina Sentencing Guidelines, he could not have been sentenced to more than one year imprisonment for either offense. *See* ECF No. 1-2. Petitioner's argument is based on the holding of *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), as well as the more recent Fourth Circuit holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). Although Petitioner's claim is at least plausible under these precedents,

4

this court is barred from considering the merits because Petitioner is not permitted to seek habeas relief under § 2241.

Petitioner recognizes that he has previously challenged his sentence in a § 2255 motion, and appears to concede that there are no grounds for him to file a successive § 2255 motion. *See* ECF No. 1 at 2-3. Accordingly, Petitioner seeks relief under § 2241 because he contends that § 2255 is "inadequate of ineffective to test the legality of his detention." ECF No. 1-2 at 3. Petitioner argues that he is "actually innocent" of being a career offender because, under current controlling law, his prior convictions do not support a career offender enhancement because they do not meet the legal definition of "felonies." ECF No. 1-2 at 8-9. Petitioner also characterizes the career offender enhancement as "an offense within itself" because it increases a defendant's guidelines sentencing range. ECF No. 12 at 3.

Petitioner's suggestion of "actual innocence" and his reliance on *Jones* are mistaken. *Jones* held that a § 2255 motion may be inadequate if the substantive law has changed "such that the conduct of which the prisoner was convicted is deemed not to be criminal." *Jones*, 226 F.3d at 334. In this case, none of the conduct for which Petitioner was convicted has now been deemed not to be criminal. Furthermore, Petitioner does not contend that he is actually innocent of the prior convictions used to enhance his sentence. Rather, Petitioner's claim is based entirely upon a change in the legal interpretation of the term "felony" in the sentencing guidelines. Neither the Fourth Circuit nor any other circuit court has permitted § 2241 to be used to challenge the legal classification of predicate offenses for sentencing purposes. Accordingly, Petitioner may not proceed under § 2241.

## CONCLUSION

After a *de novo* review of the record in this case, the court determines that Petitioner's objections to the Magistrate Judge's Report and Recommendation are without merit. The court concurs in the recommendation of the Magistrate Judge. Petitioner's action is dismissed without prejudice and without issuance or service of process.

**IT IS ORDERED.**

                                                       s/ Margaret B. Seymour
                                                       Margaret B. Seymour
                                                       Chief United States District Judge

Columbia, South Carolina
April 2, 2012